# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **BRUCE A. RUTHERFORD, #27006-078** § § | |
| VS. § § | **CIVIL ACTION NO. 4:21cv4** **CRIMINAL ACTION NO. 4:17cr41(1)** |
| **UNITED STATES OF AMERICA** § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Bruce Allen Rutherford filed a petition pursuant to 28 U.S.C. § 2241. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## I. PROCEDURAL BACKGROUND

On May 5, 2018, the District Court imposed a sentence of one hundred fifty months' imprisonment after Movant pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252. On March 25, 2019, the United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence. *United States v. Rutherford*, 762 F. App'x 178 (5th Cir. 2019). Movant then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on May 2, 2019. *See* Civ. ECF 4:19cv348. The District Court denied that motion because the issues Movant raised were without merit. The District Court dismissed his case with prejudice on June 17, 2021. *Id.* (Dkt. ## 50, 51). Movant appealed that decision, and the United States Court

of Appeals for the Fifth Circuit dismissed his appeal on August 10, 2021, for want of prosecution. *Id.* (Dkt. #56).

In the instant petition, Movant asserts his conviction must be reversed because the Court did not have subject matter jurisdiction to hear his case. For the reasons discussed below, Movant's § 2241 petition is properly construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and should be dismissed as successive.

## II. SUCCESSIVE 2255 MOTIONS

A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). It is clear that Movant is attempting to avoid the procedural hurdles of successive § 2255 motions by filing the instant petition pursuant to 28 U.S.C. § 2241.

The Fifth Circuit explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 452-54 (5th Cir. 2000). Section 2255 is the primary means of collaterally attacking a federal conviction or sentence, whereas § 2241 is used to attack the manner in which a sentence is executed or implemented. A petition filed pursuant to § 2241 that attacks errors that allegedly occurred at pre-trial, trial, or sentencing is properly construed under § 2255. Accordingly, a § 2241 petition that attacks such errors must be dismissed or construed as a § 2255 motion. *Id.*, 218 F.3d at 452. If, however, a petitioner establishes that the remedy under Section 2255 is "inadequate or ineffective," the savings clause is invoked. It is well-settled that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's second or successive requirement does not make a § 2255 "inadequate or ineffective."

2

In the instant case, Movant is not challenging the implementation of his sentence. Instead, he is challenging his underlying conviction, and he fails to establish that the remedy under § 2255 is "inadequate or ineffective." Accordingly, his petition is appropriately construed as a § 2255 motion to vacate, set aside, or correct sentence.

Because Movant filed a previous motion under § 2255 that was denied, and he fails to show the remedy under § 2255 is "inadequate or ineffective," this Court lacks jurisdiction to consider the present case unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, the present motion should be dismissed for want of jurisdiction because Movant has not shown that he obtained permission from the Fifth Circuit to file a successive § 2255 motion. *Id.*

## RECOMMENDATION

It is accordingly recommended that the construed motion to vacate, set aside or correct sentence should be dismissed without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 3rd day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE