IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRUCE A. RUTHERFORD, #27006-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21cv4 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (Dkt. #33) concluding that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is properly construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and it should be dismissed without prejudice as successive. Movant filed objections.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Furthermore, before appealing a district court's decision, a petitioner must obtain a certificate of appealability; however, a certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d

429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the movant's underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Supreme Court has held that a certificate of appealability is a "jurisdictional prerequisite" and a court of appeals lacks jurisdiction to rule on the merits until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Movant sought to have his conviction "reversed immediately" because "[s]ubject-matter jurisdiction was not established prior to incarceration and cannot be [waived]." (Dkt. #1). Section 2255 is the primary means of collaterally attacking a federal conviction or sentence, whereas § 2241 is used to attack the manner in which a sentence is executed or implemented. *See Pack v. Yusuff*, 218 F.3d 448, 452-54 (5th Cir. 2000). Because Movant was collaterally attacking his federal conviction, his petition was properly construed as a § 2255 motion, and will be dismissed as successive as Movant has filed a previous § 2255 motion, which was dismissed with prejudice on June 17, 2021. *See* Civ. ECF 4:19cv348 (Dkt. ##50, 51). Movant has not shown that the decision dismissing the motion was wrong or that jurists of reason would find the assessment of claims or case debatable. In conclusion, Movant simply has not made a substantial showing of the denial of a constitutional right, and is not entitled to a certificate of appealability.

It is accordingly **ORDERED** the petition for a writ of habeas corpus, construed as a § 2255 motion, is **DISMISSED** without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit

pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255.  It is further **ORDERED** that a motion for certificate of appealability is **DENIED**.  It is finally **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

    **SIGNED this 24th day of February, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE