IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRUCE A. RUTHERFORD, #27006-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21cv4 |
| | § | CRIMINAL ACTION NO. 4:17cr41(1) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Movant Bruce Allen Rutherford's "Motion to Reconsider Ruling on Defendant's 28 U.S.C. § 2241 Motion, To Correct Errors, and Objection to Ruling On Same." (Dkt. #40).[1] After reviewing Movant's motion and the record, the Court is of the opinion that the motion should be denied.

### I. BACKGROUND

On May 5, 2018, United States District Judge Marcia A. Crone imposed a sentence of 150 months' imprisonment after Movant pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252. Crim. ECF (Dkt. #80). On March 25, 2019, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") affirmed Movant's conviction and sentence. *United States v. Rutherford*, 762 F. App'x 178 (5th Cir. 2019). Movant then filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, which Judge Crone denied and dismissed with prejudice on June 17, 2021. *See* Civ. ECF 4:19cv348 (Dkt. ## 50, 51). On August 11, 2021, the Fifth Circuit dismissed Movant's appeal for want of prosecution. *Id.* (Dkt. #56). On January 19,

---

[1] When referring to documents in the instant § 2255 civil motion, the Court will cite to it simply by the relevant docket number, i.e., (Dkt. #1). When referring to documents in the underlying criminal case, the Court will cite to it as Crim. ECF, followed by the docket number, i.e., Crim. ECF (Dkt. #27).

2022, Movant then filed a motion for relief pursuant to Fed. R. Civ. P. 60(b)(6). *Id*. (Dkt. #58). On October 18, 2022, Judge Crone construed Movant's Rule 60(b) motion as a successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and dismissed it as successive. *Id*. (Dkt. #62).

On January 4, 2021, Movant filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. #1). As Movant was challenging his conviction, and not the implementation of his sentence, his § 2241 petition was construed as a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (Dkt. #33). As noted, however:

> Because Movant filed a previous motion under § 2255 that was denied, and he fails to show the remedy under § 2255 is "inadequate or ineffective," this Court lacks jurisdiction to consider the present case unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit.

(Dkt. #33 at 3). The Court dismissed Movant's case without prejudice for want of jurisdiction. (Dkt. ## 38, 39).

## II. DISCUSSION

In Movant's motion for reconsideration, he complains that his § 2241 was improperly characterized as a successive § 2255 motion. He also states his only claim in the §2241 petition is that the Government "does not have the Constitutional power to punish under Article 1, Section 8, Clause 3, the Commerce Clause." (Dkt. #40).

A motion for reconsideration filed pursuant to Rule 59 or Rule 60(b) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The rules do not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a

2

"second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

As explained in the Report and Recommendation issued in this case on October 3, 2022 (Dkt. #33), there is a difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 452-54 (5th Cir. 2000). Section 2255 is the primary means of collaterally attacking a federal conviction or sentence, whereas a § 2241 petition is used to attack the manner in which a sentence is executed or implemented. A petition filed pursuant to § 2241 that attacks errors allegedly occurring at pre-trial, trial, or sentencing is properly construed under § 2255. Accordingly, a § 2241 petition that attacks alleged errors concerning the conviction or sentence must be dismissed or construed as a § 2255 motion. *Id.*, 218 F.3d at 452. If a petitioner establishes that the remedy under Section 2255 is inadequate or ineffective, the savings clause is invoked. It is well-settled that a prior unsuccessful § 2255 motion, or the inability to meet the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") second or successive requirement does not make a § 2255 inadequate or ineffective.

In the instant case, Movant is not challenging the implementation of his sentence. Instead, he is challenging the constitutionality of his conviction, which is properly brought pursuant to a § 2255 motion. Movant fails to establish that the remedy under § 2255 is inadequate or ineffective.

3

Accordingly, his petition is not properly filed pursuant to § 2241. Movant's petition was appropriately construed as a § 2255 Motion to Vacate, Set Aside, or Correct a Sentence, but Movant failed to show the Fifth Circuit granted him permission to file a successive § 2255 motion.

As noted in the Report and Recommendation (Dkt. #33), Movant may file a motion with the Fifth Circuit if he wishes to obtain permission to file a successive § 2255 motion. A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005).

In sum, Movant's motion will be denied because he fails to show (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) a manifest injustice. *Schiller,* 342 F.3d at 567.

It is accordingly **ORDERED** that Movant's "Motion to Reconsider Ruling on Defendant's 28 U.S.C. § 2241 Motion, To Correct Errors, and Objection to Ruling On Same" (Dkt. #40) is **DENIED**.

It is further **ORDERED** that Movant file any future motions with the United States Court of Appeals for the Fifth Circuit as opposed to this Court.

**SIGNED this 25th day of September, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE